UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

ADRIENNE DREW, as Personal Representative of the Estate
of WENDY ANN WHITAKER, deceased,

   *Plaintiff.*

v.                                                                                                  Misc. Proceeding 22-00301

ALG SENIOR, LLC, WATERFORD PLACE ALF, LLC,
and RHCSC MONTGOMERY I AL HOLDINGS, LLC

   *Defendants.*

**MEMORANDUM OPINION AND ORDER REMANDING ACTION TO THE CIRCUIT COURT OF MONTGOMERY COUNTY**

This action came before the Court for a hearing on July 26, 2022. Prior to the hearing, the removing party, ALG Senior, LLC ("ALG"), filed a Motion to Transfer Case to Another District. (Doc. 6). Adrienne Drew, as personal representative of the Estate of Wendy Ann Whitaker, ("Plaintiff") requests this Court to abstain or remand the case back to the Circuit Court of Montgomery County, Alabama. (Doc. 18). For the reasons set forth below, the Court finds remand is appropriate, and the Motion to Transfer is moot.

**I.    PROCEDURAL HISTORY AND OVERVIEW OF FACTS**

On February 15, 2020, Wendy Ann Whitaker died after incurring injuries at an assisted living facility ("Facility"). Plaintiff filed suit against Waterford Place ALF, LLC ("WPA") for personal injury and wrongful death in the Circuit Court of Montgomery County, Alabama on February 8, 2021, case number CV-2021-900152. (Doc. 1-1, at 90). Following Plaintiff's attempt to serve WPA, counsel for ALG informed Plaintiff that WPA was not involved with the Facility at the time of death, and RHCSC Montgomery I AL Holdings, LCC ("RHCSC") was the rightful

1

defendant. (Doc. 19, at 4). In August 2021, RHCSC filed a Chapter 11 bankruptcy petition in the Northern District of Georgia. (Doc. 1-1, at 127). In October 2021, Plaintiff filed an amended complaint adding RHCSC as a defendant. (Doc. 1-1, at 65). RHCSC then filed a Notice of Stay in the state court on November 9, 2021. (Doc. 11, at 127). Two days later, Plaintiff filed a Motion for Relief in RHCSC's bankruptcy case to which RHCSC filed an objection. (Doc. 19, Ex. A and Ex. B). The Motion for Relief was still pending at the time of removal. (Doc. 1).

Months after the bankruptcy filing, Plaintiff filed a second amended complaint adding ALG as a defendant and filed the first set of interrogatories for ALG to answer. (Doc. 1-1, at 12). The second amended complaint includes allegations of joint and several liability. *Id*. According to ALG, it managed the facility in question pursuant to a management agreement with RHCSC (the "Management Agreement"). (Doc. 19, at 3). The Management Agreement, as interpreted by ALG, provides for RHCSC to be covered under ALG's companywide policy in exchange for RHCSC paying the insurance premiums and associated deductibles. *Id*. Any deductibles paid by ALG are classified as a "Facility Expense" under the Management Agreement except to the extent the loss resulted from the negligence or fault of ALG. *Id*. Additionally, according to ALG, the Management Agreement provides for a $250,000 Self Insured Retention ("SIR") that must be paid prior to the insurance company defending ALG or RHCSC. *Id*., at 3-4.

After being added as a defendant, ALG removed the action to this Court and requested, pursuant to 28 U.S.C. § 157(b)(5), that this Court transfer venue to the Northern District of Georgia, the district in which RHCSC filed its bankruptcy petition. (Docs. 1 and 6). Plaintiff objects to the transfer and instead moves this Court to abstain or remand on several grounds, including that the Court lacks jurisdiction over the claims. (Doc. 18). Plaintiff argues that mandatory abstention applies, or, alternatively, that equitable remand is appropriate. *Id*. In

2

response, ALG argues there is "related to" jurisdiction over these claims, that mandatory abstention does not apply, that equitable remand or permissive abstention is inappropriate, and transfer is required under 28 U.S.C. § 157(b)(5). (Doc. 19).

## II. LEGAL ANALYSIS AND CONCLUSIONS OF LAW

### A. The Court's Jurisdictional Claim Over This Proceeding

As the Court to which this action was removed, the undersigned serves as a jurisdictional gatekeeper asking first if removal was proper or if remand is appropriate before considering any venue issues. *See In re Eight Adversary Proceedings Removed From State Court By Johnson & Johnson*, 603 B.R. 849, 852 (Bankr. S.D. Fla. 2019); *Lennar Corp. v. Briarwood Cap. LLC*, 430 B.R. 253, 261 (Bankr. S.D. Fla. 2010); *In re Royal*, 197 B.R. 341, 346 (Bankr. N.D. Ala. 1996) ("When faced with a motion to remand a case removed from state court the first question which a federal court must answer is whether it has subject matter jurisdiction."). In its request for abstention or remand, Plaintiff argues that the Court lacks jurisdiction over this proceeding. Despite being a non-debtor defendant, ALG argues there is "related to" jurisdiction under 28 U.S.C. § 1334(b) because of RHCSC's bankruptcy case and because RHCSC and ALG share an insurance policy. (Doc. 19, at 10). ALG further argues a continuation of the state court proceeding may lead to a subsequent subrogation or administrative claim against RHCSC because ALG will have to pay the SIR. (Doc. 19, at 10). ALG contends that this post-petition payment of the SIR will benefit RHCSC's bankruptcy estate by providing RHCSC an insurance defense to which it was not otherwise entitled. *Id*.

The test in the Eleventh Circuit is broad, asking merely if the related civil proceeding could conceivably have an effect on the estate being administered in bankruptcy. *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). Here, the Court lacks a complete

3

Case 22-00301    Doc 25    Filed 08/29/22    Entered 08/29/22 12:41:32    Desc Main
Document    Page 3 of 9

factual record with respect to the Management Agreement and insurance policies. However, based on ALG's interpretation of the policies, this Court finds that the insurance policy, joint and severally liability issues, and potential subrogation claims could conceivably affect the administration of RHCSC's bankruptcy estate. Thus, while the connection may be remote here, the Court finds it is sufficient to establish "related to" jurisdiction such that removal was proper. *See In re Eight Adversary Proceedings*, 603 B.R. at 854 (assuming jurisdiction existed despite finding the jurisdictional claim to be "thin" when non-debtor manufacturer of talcum powder based "related to" jurisdictional claim on indemnification agreement with talc supplier in bankruptcy). However, the thin jurisdictional foundation is not as concerning in this case because, ultimately, the facts support equitable remand. *Id.*

Establishing jurisdiction includes consideration of any motions to remand or abstain prior to considering transfer of venue—all of which are at issue here. *See In re Eight Adversary*, 603 B.R. at 852; *Lennar Corp. v. Briarwood Cap. LLC*, 430 B.R. at 261. Having determined that "related to" jurisdiction exists, even if remotely, the Court now turns to Plaintiff's request for the Court to abstain or remand.

**B.     Mandatory Abstention Does Not Apply, but Equitable Remand is Warranted**

Plaintiff argues that the Court must abstain under 28 U.S.C. § 1334(c)(2) or, alternatively, should remand this proceeding on equitable grounds pursuant to § 1452(b). Mandatory abstention, governed by 28 U.S.C. 1334(c)(2), prevents a court from hearing non-core state law claims that could more efficiently and effectively be adjudicated by the state courts. *See In re Norrell*, 198 B.R. 987, 996 (Bankr. N.D. Ala. 1996). However, 28 U.S.C. § 1334(c)(2) is subject to a limitation in § 157(b)(4), which exempts personal injury tort and wrongful death actions against the estate from invoking § 1334(c)(2) mandatory abstention. Since Plaintiff asserts joint

and several liability against RHCSC, WPA, and ALG, the Court concludes all of Plaintiff's claims in this case are covered by 28 U.S.C. § 157(b)(4) and mandatory abstention is inapplicable. (Doc. 1-1, at 12).

While the Court finds 28 U.S.C. § 1334(c)(2) inapplicable to this case, it does find equitable remand to be appropriate. Equitable remand, pursuant to 28 U.S.C. § 1452(b) permits a court to remand a removed proceeding on "any equitable ground." 28 U.S.C. 1452(b); *In re Irwin*, 325 B.R. 22, 28 (Bankr. M.D. Fla. 2005) ("Section 1452(b) provides a broad grant of authority for a bankruptcy court to remand a proceeding. Essentially, the question is committed to the sound discretion of the bankruptcy judge."). This Court has previously elucidated a non-exhaustive list of seven equitable considerations that justify remand, many of which apply here. *In re Danley*, 552 B.R. 871, 889 (Bankr. M.D. Ala. 2016). The factors include: "(1) forum non conveniens, (2) a state court's heightened ability to deal with questions of state law, (3) the expertise of a particular court, (4) the duplicative or uneconomic effort of judicial resources in two forums, (5) prejudice to involuntarily removed parties, (6) comity consideration, and (7) the lessened possibility of inconsistent results." *Id.* (citing *Gaston v. Condra (In re Condra),* 212 B.R. 987, 992 (Bankr. M.D. Ala. 1997)).

Multiple factors weigh in favor of equitable remand here. First, this proceeding is comprised of purely Alabama state law claims giving the state court a heightened ability to deal with such questions. While personal injury and wrongful death claims may not involve novel questions of law, the state court does have expertise in dealing these purely state law claims. Moreover, the events underlying the claims occurred in this forum; thus, the relevant evidence, witnesses, and facilities are located here. *Id.* As a non-debtor defendant, ALG's argument that a co-defendant's bankruptcy will be affected and/or subrogation claims may ensue is not

5

Case 22-00301    Doc 25    Filed 08/29/22    Entered 08/29/22 12:41:32    Desc Main
Document      Page 5 of 9

compelling. The only connection this proceeding bears to the Northern District of Georgia is that a non-moving defendant, a limited liability company organized under the laws of Alabama, filed bankruptcy in that forum. (Doc. 19, at 2). The Court finds that fact insufficient to override the inequitable burden and costs that a change of venue would create. While ALG insists that consolidation in the Northern District of Georgia would best serve efficiency so that any insurance disputes, alleged stay violation issues, and/or potential administrative claims could be solved in one forum, the Court is not persuaded because there is no evidence that remand will hinder the bankruptcy court's ability to efficiently administer RHCSC's estate. ALG's potential claims do not outweigh Plaintiff's choice of forum or the interest of comity when ALG can pursue any potential administrative claims in the bankruptcy court regardless of the where the tort claims are tried. Moreover, ALG's potential claims are sufficiently remote to the underlying state court claims that any such pursuit would not be duplicative or risk inconsistent results.

Most compelling here is that RHCSC, the jurisdictional means by which ALG seeks transfer to the Northern District of Georgia, has been notably silent in this proceeding even though it would presumably also have an interest in consolidation. *See generally In re Imerys Talc Am., Inc.*, 602 B.R. 248, 253 (D. Del. 2019) (declining to grant a non-debtor defendant's emergency request to transfer and taking note that the debtors themselves had not moved for transfer or otherwise sought expedited relief). ALG is not a debtor or otherwise a party to RHCSC's bankruptcy case, and RHCSC seems to accept that the claims rightfully belong in state court where originally filed. In its bankruptcy case, RHCSC's response to Plaintiff's Motion for Relief stated: "Although the claims raised in the amended complaint will need to be tried in state court at some point, it is not clear from the Motion why that time must be now." (Doc. 19, Ex.

6

Case 22-00301    Doc 25    Filed 08/29/22    Entered 08/29/22 12:41:32    Desc Main
Document    Page 6 of 9

B). With that, remand back to the state court to adjudicate the purely state law claims is not only the most efficient outcome, but also the most equitable solution.

Since the Court finds equitable remand appropriate in this case, it is unnecessary to further consider whether permissive abstention under 28 U.S.C. § 1334(c)(1) is warranted. *See Royal v. Daihatsu (In re Royal)*, 197 B.R. 341, 351 (Bankr. N.D. Ala. 1996). Likewise, it is unnecessary to discuss whether transfer is warranted. *In re Eight Adversary Proceedings*, 603 B.R. at 852 ("[W]here personal injury or wrongful death cases are remanded after removal, there is no venue decision to be made under § 157(b)(5)."); *Lennar Corp. v. Briarwood Cap. LLC*, 430 B.R. 253, 262 (Bankr. S.D. Fla. 2010) (noting that part of a court's jurisdictional gate keeper function "includes consideration of remand motions *before* considering transfer of the proceeding to the home bankruptcy court.") (emphasis added). However, ALG insists transfer pursuant to 28 U.S.C. § 1412 is in the interest of justice because § 157(b)(5) requires that personal injury tort and wrongful death claims are to be tried by the district court in the district in which the claim arose or in which the bankruptcy case is pending "as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5). While the Court disagrees this analysis is necessary in light of its decision to remand, the Court will discuss it briefly.

As an initial matter, it has been questioned whether claims against a non-debtor like ALG that are merely "related to" a bankruptcy case are within the scope of 28 U.S.C. § 157(b)(5). *In re Eight Adversary Proceedings*, 603 B.R. at 853 (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986)). However, even if 28 U.S.C. § 157(b)(5) is applicable in this case, it is still a venue provision and transfer under § 1412 is permitted only "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. A court considering a motion to transfer has broad discretion and the party requesting transfer "has the burden to show that transfer is

7

Case 22-00301    Doc 25    Filed 08/29/22    Entered 08/29/22 12:41:32    Desc Main
Document    Page 7 of 9

appropriate . . . by a preponderance of the evidence." *Irwin v. Beloit Corp (In re Harnischfeger Indus.)*, 246 B.R. 421, 435 (Bankr. N.D. Ala 2000). ALG argues that transfer is preferred as opposed to remand or abstention because a transfer will consolidate these claims with all matters pending before the bankruptcy court. Again, the Court cannot ignore RHCSC's silence in this removed case or its statement accepting eventual trial in state court. (Doc. 19-2, Ex. B). Thus, the same facts supporting equitable remand do not show by a preponderance of the evidence that transfer is in the interest of justice, nor that it would it be convenient to the parties. *See In re Harnischfeger Indus.*, 246 B.R. at 440 (concluding transfer was inappropriate when non-debtor defendant removed and moved to transfer because "the [home court] presumption exists to help the debtor…[and] where the debtor is a non-movant in the motion to transfer venue to the home court, this Court finds very little reason to support the home court presumption and will value it less than if the debtor had joined in the motion."). Accordingly, transfer is not warranted in this case because equitable remand is appropriate, and ALG has not shown that transfer is in the interest of justice or for the convenience of the parties.

### III. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that this matter is REMANDED to the Circuit Court of Montgomery County, Alabama. Accordingly, ALG's Motion to Transfer is DISMISSED as moot.

Done this 29th day of August, 2022.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c:  Plaintiff
    Defendants

Kirby D. Farris, Attorney for Plaintiff
John E. Bailey, Attorney for ALG
Thomas M. Rockwell, Attorney for ALG